UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CHARLES EDWARD GOULD, JR., <br><br> **Plaintiff,** <br><br> v. <br><br> JUSTIN CLARK, *et al.*, <br><br> **Defendants.** | No. 2:19 CV 446 |

### OPINION and ORDER

Plaintiff Charles Edward Gould Jr. is incarcerated. He filed a complaint pursuant to 42 U.S.C. § 1983 alleging that defendants, three police officers, used excessive force when arresting him. (DE # 1.) He also accuses them of failing to provide him with the necessary medical care.

"A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, because plaintiff is incarcerated, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action "is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Id*.

Gould's claims against the officers are barred by Indiana's two-year statute of limitations. Gould filed his complaint on November 26, 2019, alleging that more than two years earlier, on June 23, 2017, as he was being arrested, the defendants were

interrogating him and pulling so hard on his handcuffs that he heard something break, tear, or rip in his shoulders. (DE # 1 at 3.) He felt great pain and immediately asked to be taken to the hospital but no one listened to him. Instead, he was taken to the police station in Gary, but no one listened to him there either. The next day he was taken to the Lake County Jail where he continued to suffer great pain. Months later, he was diagnosed with a torn shoulder, which requires surgery to be repaired.

In his complaint, Gould lists as defendants the three police officers who arrested him and provides the exact date of the arrest: June 23, 2017. His complaint makes clear that he heard something breaking in both his shoulders during the arrest, and he immediately experienced pain that would not subside on its own. Moreover, the pain never stopped and persisted when he was taken to the police station and then to the Lake County Jail. In Gould's words, the pain was unbearable. This means that Gould knew at the time of his arrest or shortly thereafter that he had suffered an injury. At that moment, his statute of limitations for purposes of a lawsuit under 42 U.S.C. § 1983 began to run. *See Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012) (excessive force claim accrues when the excessive force is used). In Indiana, the statute of limitations for cases brought under § 1983 is two years. *See Hondo, Inc. v. Sterling*, 21 F.3d 775, 778 (7th Cir. 1994). Since Gould filed his lawsuit more than two years after his claims against the officers accrued, they are time barred. The same is true of his claims that defendants failed to provide him with constitutionally required medical care because, after June 24, 2017, defendants had no more contact with him and were not in a position to assist him

2

in getting medical care. Therefore, June 25, 2017, marks the latest day when the statute of limitations began to run.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). Here it would be futile to allow Gould to amend, as there are no plausible facts he might provide in an amended complaint which could make his claim timely.

For these reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED.**

Date: October 23, 2020

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

3